J. S02003/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JOSEPH McGRATH, | : | No. 1354 EDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, April 15, 2016,
in the Court of Common Pleas of Philadelphia County
Criminal Division at Nos. CP-51-CR-0000658-2011,
CP-51-CR-0000698-2011, CP-51-CR-0006929-2010

BEFORE:  FORD ELLIOTT, P.J.E., STABILE AND MOULTON, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED FEBRUARY 22, 2017**

Joseph McGrath appeals from the April 15, 2016 order dismissing his petition for relief filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.[1]

The PCRA court summarized the relevant facts and procedural history of this case as follows:

> In separate proceedings on March 3, 2011 and April 29, 2011, [a]ppellant appeared before th[e trial c]ourt and entered an open guilty plea to aggravated assault, criminal conspiracy to commit aggravated assault, criminal solicitation of murder, witness intimidation, and criminal conspiracy to commit witness intimidation.
>
> Prior to accepting [a]ppellant's plea, th[e trial c]ourt conducted a proper and thorough colloquy in

---

[1] The Commonwealth has not filed a brief in this matter.

accordance with [Pa.R.Crim.P.] 590. During each colloquy, [a]ppellant testified that he understood all of the rights he was waiving and that he was acting on his own free will. Appellant was shown his written, guilty plea colloquy form and [a]ppellant confirmed his signature. Appellant affirmed that he was making a voluntary, knowing, and intelligent guilty plea by his oral responses and his signature on the written colloquy form.

Having knowingly and understandingly completed the colloquy, [a]ppellant then pleaded guilty to the following facts:

**A. Aggravated Assault and Related Criminal Conspiracy.**

On March 9, 2010, [a]ppellant attacked his neighbor Neil Lawn around 5:15 p.m. on the 1800 block of East Airdrie Street in Philadelphia, Pennsylvania. Appellant walked over to Mr. Lawn, grabbed him, punched him in the face, and knocked him to the ground. Appellant started kicking and stomping at Mr. Lawn, repeating the word, "[g]ive me the money," in reference to a $50 drug debt. Appellant also engaged an unidentified co-conspirator in stomping and kicking Mr. Lawn. Mr. Lawn's neighbor Amber Pratt yelled at the perpetrators to stop and said that she was calling the police. Appellant threatened to kill Ms. Pratt if she called the cops. Thereafter, [a]ppellant and the unidentified co-conspirator departed the scene in a vehicle. Mr. Lawn was admitted to the ICU at Erie Torresdale Hospital in critical condition. Mr. Lawn suffered from two broken ribs, four broken vertebrae in his back, a broken right orbital bone, a broken jaw, multiple facial fractures, and a punctured lung. Mr. Lawn was placed on a ventilator due to respiratory failure. Additionally, a doctor informed Mr. Lawn that had he sustained one more punch, he would have died.

### B.      Criminal Solicitation of Murder.

On May 1, 2010, Nicole Rosa assisted the First Judicial District Warrant Unit officers in setting up a drug purchase with [a]ppellant in order for the officers to apprehend him.  Ms. Rosa sent [a]ppellant several text messages stating that she wished to purchase Xanax at his residence.  After an exchange of text messages, two officers knocked on [a]ppellant's door, came in the house, and arrested [a]ppellant.

Appellant made several phone calls from prison.  The calls were recorded and authenticated by the Philadelphia Prisons and Public Call, Incorporated.  On May 3, 2010, [a]ppellant called his nephew and informed him that "Nicky set me up" and that he wanted her dead.  He directed his nephew to mix battery acid with a batch of heroin.  That mixture was to be given to [a]ppellant's accomplice in drug dealing, who would then sell it to Ms. Rosa.  On May 11, 2010, [a]ppellant followed up with his nephew and the accomplice to check if the order was carried out.  On May 19, 2010, [a]ppellant further communicated to his sister on how he wanted Ms. Rosa dead:  "I want her dead—to die."

In August 2010, [a]ppellant realized the calls were recorded and declared to Lieutenant Knight, "I told somebody I wanted to have someone killed and I just found out that the telephone conversations are monitored.  I got to see how I can get out of this."  Afterwards, [a]ppellant was taken to the Psych Unit.

### C.      Witness Intimidation and Related Criminal Conspiracy.

On May 10, 2010, [a]ppellant met with two co-conspirators in prison and instructed them to "take care of the victim" in the aggravated assault case, Mr. Lawn.  Appellant instructed his nephew to pay Mr. Lawn $500 every time he did not appear in court, until three times when [a]ppellant's case would be thrown out per the Three Strikes Rule.

> Mr. Lawn gave a statement to the District Attorney's Office corroborating the recorded phone conversations and confirmed that he was physically approached by the nephew on three separate occasions and was offered $500 not to appear in court. Mr. Lawn also stated that on one occasion, a second co-conspirator pulled up his shirt, exposed bullet holes on his body, and told Mr. Lawn, "[t]his is what can happen."

Trial court opinion, 6/29/16 at 2-4 (citations and footnotes omitted).

At the March 3 and April 29, 2011 guilty plea hearings, the trial court informed appellant of his right to withdraw his guilty plea, but he failed to invoke this right.[2] Thereafter, on August 26, 2011, the trial court sentenced appellant to an aggregate term of 20 to 40 years' imprisonment, followed by 10 years' probation. On September 1, 2011, appellant filed timely post-sentence motions to withdraw his guilty plea and for reconsideration of his sentence. The trial court denied both motions that same day.

On May 10, 2013, a panel of this court affirmed appellant's judgment of sentence. *See Commonwealth v. McGrath*, 81 A.3d 993 (Pa.Super. 2013) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our supreme court. On May 21, 2013, appellant filed a timely *pro se* PCRA petition, and Sharon Meisler, Esq. ("Attorney Meisler") was appointed to represent him. Following Attorney Meisler's removal, Sandjai Weaver, Esq. ("Attorney Weaver") was

---

[2] Appellant was represented during his guilty plea hearings and on direct appeal by Robert Trimble, Esq. (hereinafter, "plea counsel").

appointed on January 14, 2015. On June 23, 2015, Attorney Weaver filed an amended PCRA petition on appellant's behalf. Thereafter, on November 9, 2015, the PCRA court provided appellant with notice, pursuant to Pa.R.Crim.P. 907(1), of its intention to dismiss his petition without a hearing. Appellant did not respond, and on April 15, 2016, the PCRA court dismissed appellant's petition without a hearing. On April 28, 2016, appellant filed a timely notice of appeal.[3]

Appellant raises the following issue for our review:

> Whether the [PCRA] court abused its discretion by failing to grant an evidentiary hearing, and for failing to permit [a]ppellant to withdraw his guilty plea where [plea] counsel inaccurately advised him he would receive a ten (10) year sentence if he entered a guilty plea, and where such advice caused [a]ppellant to enter involuntary, unknowing, and unintelligent guilty pleas in violation of his constitutional rights under the U.S. Const. Amend., V, VI, and XIV and see, PA.Const. art. I, sec. 9?

Appellant's brief at 4.

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in

---

[3] The record reflects that appellant was not directed to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). Nonetheless, the PCRA court filed an opinion that comports with the requirements of Rule 1925(a) on June 29, 2016.

the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa.Super.

2014) (citations omitted). "This Court grants great deference to the findings

of the PCRA court, and we will not disturb those findings merely because the

record could support a contrary holding." *Commonwealth v. Hickman*,

799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted). In order to be

eligible for PCRA relief, a defendant must plead and prove by a

preponderance of the evidence that his conviction or sentence arose from

one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). Further,

these issues must be neither previously litigated nor waived. 42 Pa.C.S.A.

§ 9543(a)(3).

Where the PCRA court has dismissed a petitioner's petition without an

evidentiary hearing, as was the case here, we review the PCRA court's

decision for an abuse of discretion. *See Commonwealth v. Roney*, 79

A.3d 595, 604 (Pa. 2013), *cert. denied*, 135 S.Ct. 56 (2014) (citation

omitted). Moreover,

> the right to an evidentiary hearing on a
> post-conviction petition is not absolute. It is within
> the PCRA court's discretion to decline to hold a
> hearing if the petitioner's claim is patently frivolous
> and has no support either in the record or other
> evidence. It is the responsibility of the reviewing
> court on appeal to examine each issue raised in the
> PCRA petition in light of the record certified before it
> in order to determine if the PCRA court erred in its
> determination that there were no genuine issues of
> material fact in controversy and in denying relief
> without conducting an evidentiary hearing.

***Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa.Super. 2012) (internal citations omitted).

Appellant contends that his guilty plea was unlawfully induced due to plea counsel's ineffectiveness in "advis[ing] him he would receive a ten (10) year sentence if he entered a guilty plea[.]" (Appellant's brief at 10.) We disagree.

In ***Commonwealth v. Willis***, 68 A.3d 997 (Pa.Super. 2013), a panel of this court explained that the PCRA will provide relief to an appellant if ineffective assistance of counsel caused him to enter an involuntary guilty plea. ***Id.*** at 1001-1002. We conduct our review of such a claim in accordance with the three-pronged ineffectiveness test under Section 9543(a)(2)(ii) of the PCRA. To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). Specifically, a petitioner must establish that "the underlying claim has arguable merit; second, that counsel had no reasonable basis for his action or inaction; and third, that [a]ppellant was prejudiced." ***Commonwealth v. Charleston***, 94 A.3d 1012, 1020 (Pa.Super. 2014), ***appeal denied***, 104 A.3d 523 (Pa. 2014) (citation omitted). "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on

[a]ppellant." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa.Super. 2011), ***appeal denied***, 30 A.3d 487 (Pa. 2011) (citation omitted). Additionally, we note that "counsel cannot be held ineffective for failing to pursue a meritless claim[.]" ***Commonwealth v. Hall***, 867 A.2d 619, 632 (Pa.Super. 2005), ***appeal denied***, 895 A.2d 549 (Pa. 2006).

This court has explained that the entry of a guilty plea constitutes a waiver of all defects and defenses except lack of jurisdiction, invalidity of the plea, and illegality of the sentence. ***See Commonwealth v. Zeigler***, 112 A.3d 656, 660 (Pa.Super. 2015) (citation omitted). Before a withdrawal of a plea will be permitted after sentencing, the appellant "must make a showing of prejudice amounting to manifest injustice. A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently." ***Commonwealth v. Bedell***, 954 A.2d 1209, 1212 (Pa.Super. 2008), ***appeal denied***, 964 A.2d 893 (Pa. 2009) (internal quotation marks and citation omitted). In order to ensure a voluntary, knowing, and intelligent plea, the trial court, at a minimum, must ask the following questions during the guilty plea colloquy:

> 1)   Does the defendant understand the nature of the charges to which he or she is pleading guilty or nolo contendere?
>
> 2)   Is there a factual basis for the plea?
>
> 3)   Does the defendant understand that he or she has the right to a trial by jury?

4) Does the defendant understand that he or she is presumed innocent until found guilty?

5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Zeigler*, 112 A.3d at 660 (citation omitted); *see also* Pa.R.Crim.P. 590(C).

Moreover, a defendant is bound by the statements that he makes during his plea colloquy. *See Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa.Super. 2011).

Upon review, we find that appellant's claim that he was induced to plead guilty because of counsel's purported ineffectiveness is belied by the record. As noted, a panel of this court on direct appeal found that appellant entered into his guilty plea "voluntarily, knowingly, and intelligently." *McGrath*, 81 A.3d 993 (unpublished memorandum at 9). This court reasoned as follows:

> With respect to the requirements set forth in Rule 590, the record indicates the following: (1) [appellant] understood the charges against him; (2) he agreed to the Commonwealth's summary of the case against him; (3) he understood his right to a trial by jury; (4) he understood that he was presumed innocent unless the Commonwealth proved his [sic] guilty beyond a reasonable doubt; (5) the court informed [appellant] that the maximum aggregate sentence that could be imposed for the crimes he was charged with was 100 years' incarceration and a fine of $125,000; and (6) the

> court informed him that it was not bound by the terms of the plea agreement unless it accepted the agreement.

*Id.* (unpublished memorandum at 9-10) (citations to notes of testimony omitted).

This court has long recognized that "[t]he law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty:  All that is required is that [his] decision to plead guilty be knowingly, voluntarily and intelligently made."  *Commonwealth v. Anderson*, 995 A.2d 1184, 1192 (Pa.Super. 2010), *appeal denied*, 9 A.3d 626 (Pa. 2010) (citation omitted).  Because appellant's plea was found to have been entered voluntarily, knowingly, and intelligently, and not due to any ineffectiveness on the part of plea counsel, allegations of ineffectiveness related to his plea may not be raised as a basis for relief.  *See Willis*, 68 A.3d at 1001-1002 (stating, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief **only if** the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." (citation omitted; brackets in original; emphasis added)); *see also Bedell*, 954 A.2d at 1212 (same).  Accordingly, we affirm the PCRA court's April 15, 2016 order dismissing his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/2017